IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

MYRON J. JACKSON,           )
                                  )
       Plaintiff,           )
                                  )
         v.             )        2:09-CV-446-ID
                                  )
STATE OF ALABAMA, *et al.*,     )
                                  )
       Defendants.      )

_____

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff's *pro se* Complaint (Doc. #1).  On June 24, 2009, this case was referred to the undersigned Magistrate Judge for further proceedings and determination or recommendation as may be appropriate.  (Doc. #4).  On June 26, 2009, the Court entered an Order (Doc. #5) which noted several apparent defects in Plaintiff's Complaint.  Specifically, the Court remarked as follows:

> Upon a preliminary review, the Court observes that it is unable to clearly discern the substance of Plaintiff's claims against the various Defendants.  It appears Plaintiff is alleging conspiracies to harass and/or kill him, disparage him with a racial epithet, and failure to prosecute or investigate his claims related to these conspiracies.  For any damages he is purported to have suffered, Plaintiff seeks the following relief: "Punitive Damages: $50,000,000,000 U.S. Dollars; Compensatory Damages: $50,000,000,000 U.S. Dollars."  The Complaint fails to set forth the specific acts by each Defendant which resulted in the alleged harm to Plaintiff and does not state what, if any, legal authority provides Plaintiff with an avenue of relief in this Court.  This failure precludes the Court from conducting meaningful review and forecloses the Defendants' ability to meaningfully respond to the Complaint.  The Court thus notes that Plaintiff's Complaint appears to suffer from fatal defects.

Order (Doc. #5) at 1-2.   Accordingly, the Court ordered Plaintiff to file an amended Complaint which complies with the Federal Rules of Civil Procedure and includes specific allegations of unlawful conduct by each named defendant.   The Court also admonished Plaintiff that "*his failure to comply with this Order will lead the undersigned to recommend to the district judge that the Complaint be dismissed for failure to comply with the Court's Orders and abandonment of his claim(s).*"   Order (Doc. #5) at 2 (emphasis in original). Plaintiff has failed to file an amended complaint as instructed by the Court.[1]   Accordingly, the undersigned RECOMMENDS that this action be DISMISSED, without prejudice, due to Plaintiff's failure to obey this Court's Orders or otherwise prosecute this action.[2]   It is further

ORDERED that Plaintiff is DIRECTED to file any objections to the said Recommendation on or before **July 23, 2009**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court.

---

[1]   Plaintiff's failure to amend his complaint as instructed cannot be attributed to any sudden aversion to conducting litigation in this Court.  In addition to the seven cases Plaintiff had pending at the time of the Court's June 26, 2009, Order, Plaintiff has since filed yet another civil complaint with the Court.  *See Jackson v. United States House of Representatives*, Civ. Act. No. 2:09-cv-631-MEF (filed July 7, 2009).

[2]   Additionally, and in the alternative, Plaintiff's Complaint is subject to dismissal because the allegations of the Complaint are frivolous and fail to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

2

Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) ( *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE this 10th day of July, 2009.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE